1 [Counsel identified on signature page]

2

3

4

FILED

JUL 16 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

5

6

7

8

9

10

11 **UNITED STATES DISTRICT COURT**

12 **NORTHERN DISTRICT OF CALIFORNIA**

13 **SAN JOSE DIVISION**

**VKD**

14

15 ERICSSON INC., AT&T MOBILITY, LLC, SPRINT COMMUNICATIONS COMPANY, L.P., SPRINT SOLUTIONS, INC., SPRINT SPECTRUM L.P., VERIZON COMMUNICATIONS INC., and CELLCO PARTNERSHIP d/b/a VERIZON WIRELESSS,

16

17

18

Case No. **CV-19 80185MISC**

**MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS TO PRODUCE DOCUMENTS AND TESTIMONY**

19 Movants,

20 v.

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

21 ELECTRONICS AND TELECOMMUNICATIONS RESEARCH INSTITUTE,

22

23 Respondent,

24

25

26

27

28



Case No.

MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS

1

## TABLE OF CONTENTS

I.      INTRODUCTION ............................................................................................................. 1

II.     FACTUAL AND PROCEDURAL BACKGROUND............................................................. 2

        A.      Eastern District of Texas Litigation............................................................. 2

        B.      ETRI's 27 Asserted Patents .......................................................................... 4

        C.      Movants' Subpoenas...................................................................................... 4

III.    LEGAL STANDARD...................................................................................................... 8

IV.     ARGUMENT.................................................................................................................. 8

        A.      ETRI Should Produce Documents Related to Negotiations with ▮▮▮▮
                ▮▮▮▮▮▮▮▮ and Other Licensees or Potential Licensees ...................................... 8

        B.      ETRI Should Produce Documents Concerning Its Relationships with Its Other
                Assertion Agents........................................................................................... 11

        C.      ETRI Should Produce Documents Concerning Proposals to Standard-Setting
                Organizations ............................................................................................... 12

        D.      Movants' Requests Are Proportional to the Needs of the Actions .............................. 13

        E.      ETRI Is ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ................................................................. 15

V.      CONCLUSION.............................................................................................................. 16

-i-

Case No.                                        MOTION TO COMPEL COMPLIANCE
                                                            WITH SUBPOENAS

1

2

## TABLE OF AUTHORITIES

3

Page(s)

CASES

4

5

*Beinin v.Ctr. for Study of Popular Culture,*
  No. 06-cv-02298 JW (RS), 2007 WL 832962 (N.D. Cal. Mar. 16, 2007) ......................................8

6

7

*Cornell v. Columbus McKinnon Corp.,*
  No. 13-cv-02188-SI, 2015 WL 4747260 (N.D. Cal. 2015) ............................................................15

8

*Fed. Trade Comm'n v. Qualcomm Inc.,*
  No. 17-CV-00220-LHK, 2019 WL 2206013 (N.D. Cal. 2019).......................................................13

9

10

*Georgia-Pac. Corp. v. U. S. Plywood Corp.,*
  318 F. Supp. 1116 (S.D.N.Y. 1970)..................................................................................................9

11

12

*Microsoft Corp. v. Motorola, Inc.,*
  No. C10-1823JLR, 2013 WL 2111217 (W.D. Wash. Apr. 25, 2013) ...............................................8

13

*TCL Commc'n. Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson,*
  No. CV 14-341 .................................................................................................................................4

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-ii-

1  **I.      INTRODUCTION**

2          Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), Movants Ericsson Inc.

3  ("Ericsson"), AT&T Mobility, LLC ("AT&T"), Sprint Communications Company, L.P., Sprint

4  Solutions, Inc., and Sprint Spectrum L.P. (together, "Sprint"), and Cellco Partnership d/b/a Verizon

5  Wireless ("Verizon")   (all collectively, "Movants") respectfully request that the Court compel

6  Respondent Electronics and Telecommunications Research Institute ("ETRI") to comply with

7  subpoenas for documents and testimony relevant to three patent infringement lawsuits pending in the

8  Eastern District of Texas (collectively, the "Actions"), each of which asserts 27 ETRI-owned patents

9  (the "Asserted Patents") against AT&T, Sprint, and Verizon (together, the "Carriers")—all

10  customers of Ericsson.[1] ETRI maintains an office and was served with the subpoenas in this District.

11          Rather than sue in its own name, ETRI contracted with a shell company, Sol IP, LLC ("Sol"),

12  and purportedly gave Sol the right to file the Actions.  ETRI now seeks to use this arrangement to

13  resist legitimate discovery and conceal relevant documents as a "non-party" while simultaneously

14  keeping a right ███████████████████████████████████████████. As the patent

15  owner, ETRI is in possession of a large number of documents that are highly relevant to this

16  matter—documents that ETRI has largely refused to produce. And ETRI's assertion agent who filed

17  the lawsuits, Sol, claims that it does not have control or custody of ETRI's documents and cannot

18  produce them unless ETRI voluntarily agrees to share them with Sol. ETRI's tactics put Movants in

19  an untenable situation—defending a 27-patent lawsuit without the ability to obtain clearly relevant

20  discovery from the patent owner.

21          Compounding the unfairness of this situation, ETRI has made commitments to offer licenses

22  to the Asserted Patents on (for example) fair, reasonable, and non-discriminatory (FRAND) terms.

23  Many of the documents that ETRI refuses to produce, and over which Sol claims it does not have

24  control or custody, relate to ETRI's license negotiations and FRAND commitments.   Movants

25

26

27  [1] *See Sol IP, LLC v. AT&T Mobility, LLC*, Case No. 2:18-cv-526 (E.D. Tex.) (Lead Case), *Sol IP, LLC v. Sprint Corp., et al.* Case No. 2:18-cv-527 (E.D. Tex.), and *Sol IP, LLC v. Cellco P'Ship d/b/a*

28  *Verizon Wireless*, Case No. 2:18-cv-528 (E.D. Tex.).

-1-

1  cannot fairly develop their defenses without access to the documents in which ETRI is discussing the
2  terms to license the very patents asserted against Movants.

3      ETRI has unequivocally refused to produce certain categories of highly relevant documents
4  and testimony, and thus Movants seek production of those documents now.  Specifically, Movants
5  seek an order from this Court compelling ETRI to produce: (1) ETRI's communications with ▬▬▬
6  ▬▬▬▬▬▬, and other actual or potential licensees generated during licensing negotiations to
7  the Asserted Patents (Request Nos. 2 & 43); (2) documents and deposition testimony concerning
8  ETRI's relationship with Sol IP and certain of its other assertion agents (Request No. 69 and Topic
9  No. 28); and (3) ETRI's internal documents concerning proposals to the organizations that develop
10 the technical standards at issue (Request No. 78).  All three categories of evidence bear directly on
11 the scope, validity, and value of the 27 ETRI patents asserted in the Actions, and ETRI has used its
12 status as a "non-party" to refuse to produce any of them.[2]

13 **II.   FACTUAL AND PROCEDURAL BACKGROUND**

14     **A.   Eastern District of Texas Litigation**

15     On December 3, 2018, ETRI's assertion agent—Sol—filed three separate lawsuits in the
16 Eastern District of Texas against AT&T, Verizon, and Sprint.  In each lawsuit, Sol asserted 27
17 patents.  Because each suit accused, among other things, cellular network infrastructure supplied in
18 part by Ericsson, on February 29, 2019, Ericsson intervened in all three suits to defend its customers
19 against Sol's infringement claims.

20     Sol is not the owner or assignee of the asserted patents; ETRI is.  ETRI is a state-funded
21 research institution based in Daejeon, South Korea.  *See, e.g.*, Ex. C (Sol's Am. Compl., Case No.

22

23 ───────────────────
[2] ETRI has been "voluntarily" producing a small number of documents responsive to certain other
24 requests on a "rolling" basis, and further has stated that it will produce a witness to testify regarding
certain deposition topics, limited to information "derived from and/or reflected in documents ETRI
25 produces in response to the Subpoena to Produce Documents . . . ."  Ex. A (Objections and
Responses to Document Subpoena); Ex. B (Objections and Responses to Deposition Subpoena).  To
26 the best of Movants' current understanding, ETRI has not yet completed its "voluntary" rolling
production.  Thus, there may well be further disputes related to Movants' subpoenas at a later time.
27 Movants reserve all rights to seek to compel documents and testimony regarding all remaining
requests and topics after ETRI has completed its production.
28

-2-
Case No.                                          MOTION TO COMPEL COMPLIANCE
                                                              WITH SUBPOENAS

1   2:18-cv-526 (E.D. Tex.), Dkt. No. 100) ¶ 4.  ETRI employs over two thousand research and

2   technical staff, has applied for nearly 17,000 patents over the past five years, and claims to have

3   received 173.4 billion KRW (approximately $150 million) in patent royalties over that same period.[3]

4          Sol is a United States non-practicing entity that bills itself as an "intellectual property

5   licensing company."  *See id.* ¶ 9.  Sol's maintains a physical office in Virginia and is owned and

6   operated by its President, Choongsoo Park.  *See id.*; Ex. D (Sol's Initial Disclosures), at 3.  Mr. Park

7   has a long history of running non-practicing patent assertion entities for ETRI, including WiAV

8   Solutions and SPH America.  *See* Exs. E & F (disclosing Mr. Park as SPH America's and WiAV

9   Solutions' registered agent).

10          ETRI contracted with Sol to assert its patents in the United States, so that ETRI could try to

11  avoid becoming a party to litigation.  By contract dated August 20, 2018, ETRI appointed Sol as its

12  so-called exclusive licensee and *de facto* assertion agent.  Under the agreement between Sol and

13  ETRI, Sol claims authority to assert ETRI's patents, and ETRI retains a significant interest in any

14  monetary proceeds generated by those assertions.

15          When Movants have requested documents from Sol related to the patents, Sol has responded

16  that the documents are not in its custody or control, but that it will request ETRI to voluntarily

17  provide them.  This situation allows ETRI to selectively produce documents that are beneficial to

18  ETRI in the lawsuit, while concealing documents that are potentially damaging to ETRI's patent

19  assertions.  For example, ETRI could choose to produce laboratory notebooks and related documents

20  that Sol, on behalf of ETRI, may seek to use to "swear behind" prior art, while withholding licensing

21  negotiation and other documents that show violations of ETRI's FRAND commitments.  As a result,

22  when Movants asked Sol for those licensing-related documents, Sol responded that ETRI is

23  producing documents only "on a strictly voluntary basis."  *See* Ex. G (7/1/2019 email from J.

24  Bertoldi to M. Rueckheim).  Similar concerns underlie ETRI's self-serving selective production of

25  documents related to its dealings with 3GPP and IEEE, the standard setting organizations that are

26  responsible for the relevant cellular and Wi-Fi standards.  Thus, by asserting its patents through Sol

27

28  [3] https://www.etri.re.kr/engcon/sub1/sub1_06.etri

Case No.                                    MOTION TO COMPEL COMPLIANCE
                                                     WITH SUBPOENAS

1   rather than in its own name, ETRI has devised a scheme to insulate itself from party discovery so

2   that it can cherry-pick favorable documents for use in the Actions, resist requests for direct

3   discovery, and withhold documents that are unfavorable. This sort of arrangement is not only unfair,

4   it cuts against the core of the American system of liberal discovery that is embodied in the Federal

5   Rules of Civil Procedure.

6         **B.    ETRI's 27 Asserted Patents**

7         ETRI is the owner and assignee of all 27 patents that Sol has asserted in the Actions. ETRI

8   has publicly declared that all 27 patents are essential to either the 4G LTE standard or Wi-Fi

9   standard. In other words, ETRI contends that no manufacturer can produce 4G LTE or Wi-Fi

10   compliant devices without necessarily infringing ETRI's patents.

11         But licensing of patents declared standard essential comes with commitments. ETRI has

12   agreed it will offer to license its declared-essential 4G LTE patents on "fair, reasonable, and non-

13   discriminatory" (FRAND) terms, and to license its declared-essential Wi-Fi patents on "reasonable

14   and non-discriminatory" (RAND) terms. The F/RAND commitments prohibit ETRI from charging

15   unreasonable royalty rates or discriminating between similarly situated licensees. *See TCL*

16   *Commc'n. Tech. Holdings, Ltd. v. Telefonaktiebolaget LM Ericsson*, No. CV 14-341 JVS(DFMx),

17   2018 WL 4488286, at *6 (C.D. Cal. Mar. 9, 2018).

18         **C.    Movants' Subpoenas**

19         On April 9, 2019, Ericsson, on behalf of itself and the other Movants, issued subpoenas to

20   ETRI requesting production and inspection of several categories of documents and deposition

21   testimony from a corporate representative concerning several topics relevant to the Actions. Those

22   subpoenas are attached as Exhibits H and I hereto. The subpoenas seek discovery into, among other

23   things, whether ETRI's royalty demands in the Eastern District of Texas case comply with F/RAND

24   when compared with ETRI's other licensing activities. The subpoenas also sought discovery into

25   ETRI's dealings with the standard setting organizations whose standards ETRI accuses of practicing

26   the asserted patents. Both are highly relevant to the Actions, which assert infringement of patents

27   declared as standard essential.

28

Case No.                                          MOTION TO COMPEL COMPLIANCE
                                                                WITH SUBPOENAS

1    On April 17, 2019, Ericsson, on behalf of all Movants, served the subpoenas on ETRI's

2 registered agent, Seung Chul Sung, at 4168 Patricia St. Fremont, CA 94536. *See* Exs. J & K (proof

3 of service); Ex. L (disclosing Mr. Sung as ETRI's registered agent). Upon answering the door, Mr.

4 Sung identified himself by name, accepted service of the subpoena, and demanded a $52 witness fee,

5 which he received. Ex. M (process server declaration).

6    In response to Movants' requests, ETRI refused to produce evidence or deposition testimony

7 for certain highly relevant categories—even after Movants tried to compromise and narrow their

8 requests.    For these categories, ETRI objects that Movants' discovery requests were not

9 "proportional," and imposed "undue burden" on ETRI, who is "a non-party which has not made any

10 allegations in the above-captioned actions." These objections are belied by the fact that ETRI owns

11 all 27 asserted patents, entered into an agreement that purports to give Sol the power to enforce those

12 patents, and stands to receive the lion's share of any monetary proceeds from the litigation.

13    Movants seek an order compelling ETRI to produce documents and deposition testimony

14 within three discrete categories.   These categories are shown below with the text of Movants'

15 requests and ETRI's responses:

16

| Category 1: ETRI's Negotiations with Licensees and Potential Licensees | |
|---|---|
| Movants' Request | ETRI's Response |
| Document Request No. 2: All Communications, including emails, text messages, and letters, and presentations made to or received from █████████ related to negotiation and performance of any license, covenant-not-to-sue, or standstill with ETRI and/or Sol IP. (Ex. A, at 7.) | ETRI objects to this Document Request as overbroad, unduly burdensome, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. ETRI further objects to this Document Request to the extent it seeks discovery protected by any applicable privilege or immunity. ETRI further objects to this Document Request for failing to comply with Rule 45(d)(1) of the Federal Rules of Civil Procedure, which requires Defendants to "take reasonable steps to avoid imposing undue burden or expense" on ETRI. ETRI further objects to this Document Request to the extent it conflates ETRI, a non-party which has not made any allegations in the above-captioned actions, with Sol IP, a party to the above-captioned actions. ETRI further object to this Document Request to the extent it seeks discovery in the possession, custody, or control of Sol IP.  (Ex. A, at 7.) |
| Document Request No. 43: All documents related to the | ETRI objects to this Document Request as overbroad, unduly burdensome, not proportional to the needs of this |

-5-

| | |
|---|---|
| relationship between, on the one hand, You and/or Sol IP, and on the other hand, all Potential Licensees regarding the Asserted Patents, Related Patents, Related Applications or any patent that You contend is essential to the LTE or Wi-Fi Standards, including Agreements and draft Agreements with such Potential Licensees, Communications with such Potential Licensees, and documents exchanged with such Potential Licensees that relate to such patents. (Ex. A, at 32.) | case, and not reasonably calculated to lead to the discovery of admissible evidence. ETRI further objects to this Document Request to the extent it seeks discovery protected by any applicable privilege or immunity. ETRI further objects to this Document Request for failing to comply with Rule 45(d)(1) of the Federal Rules of Civil Procedure, which requires Defendants to "take reasonable steps to avoid imposing undue burden or expense" on ETRI. ETRI further objects to this Document Request to the extent it conflates ETRI, a non-party which has not made any allegations in the above-captioned actions, with Sol IP, a party to the above-captioned actions. ETRI further object to this Document Request to the extent it seeks discovery in the possession, custody, or control of Sol IP.  ETRI further objects to this Document Request because it seeks discovery that has already been produced in the above-captioned actions, and therefore this Document Request is unnecessarily duplicative and cumulative. (Ex. A, at 33.) |

| **Category 2: Correspondence and Agreements Between ETRI and Its Other Assertion Agents** | |
|---|---|
| Movants' Request | ETRI's Response |
| Document Request No. 69: All documents related to Your relationship with any company founded or co-founded by Choon[g]soo Park, including without limitation SPH America LLC or WiAV Solutions, LLC, including any patent license Agreements with any such company that relate to patents allegedly essential to any Wi-Fi or LTE Standards. (Ex. A, at 49.) | ETRI objects to this Document Request as overbroad, unduly burdensome, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. ETRI further objects to this Document Request to the extent it seeks discovery protected by any applicable privilege or immunity. ETRI further objects to this Document Request for failing to comply with Rule 45(d)(1) of the Federal Rules of Civil Procedure, which requires Defendants to "take reasonable steps to avoid imposing undue burden or expense" on ETRI. ETRI further objects to this Document Request to the extent it seeks discovery in possession, custody, or control of Choong Soo Park. (Ex. A, at 49.) |
| Deposition Topic No. 28: All Communications and Agreements with or relating to SPH America, LLC, including related to patents related to LTE or Wi-Fi Standards, compensation, license rates, royalties thereof, and Agreements with SPH America, LLC. (Ex. B, at 29.) | ETRI objects to this Deposition Topic as overbroad, unduly burdensome, irrelevant, and unlikely to lead to the discovery of admissible evidence. ETRI also objects to this Deposition Topic to the extent it seeks information that ETRI does not keep in the ordinary course of business. ETRI further objects to this Deposition Topic as overly broad and unduly burdensome on the ground that the information sought therein is more readily obtainable by way of an interrogatory response and/or a request for production of documents. ETRI further objects to this Deposition Topic to the extent it seeks privileged communications or information protected by the attorney- |

-6-

Case No.

MOTION TO COMPEL COMPLIANCE
WITH SUBPOENAS

| | |
|---|---|
| | client privilege, work product, or any other applicable privilege. ETRI further objects to this Deposition Topic for failing to comply with Rule 45(d)(1) of the Federal Rules of Civil Procedure, which requires Defendants to "take reasonable steps to avoid imposing undue burden or expense" on ETRI. Subject to the foregoing Objections, ETRI will not provide a witness to provide testimony responsive to this Deposition Topic. (Ex. B, at 29-30.) |

| **Category 3: ETRI's Technology Proposals to Standard-Setting Organizations** | |
|---|---|
| Movants' Request | ETRI's Response |
| Document Request No. 78: All documents related to any cellular and/or Wi-Fi standard meetings where the technology claimed in the Asserted Patents or competing proposals were discussed. (Ex. A, at 54.) | ETRI objects to this Document Request as vague, ambiguous, overbroad, unduly burdensome, not proportional to the needs of this case, and not reasonably calculated to lead to the discovery of admissible evidence. ETRI further objects to this Document Request to the extent it seeks discovery protected by any applicable privilege or immunity. ETRI further objects to this Deposition Topic for failing to comply with Rule 45(d)(1) of the Federal Rules of Civil Procedure, which requires Defendants to "take reasonable steps to avoid imposing undue burden or expense" on ETRI. As a non-party to this case, ETRI cannot be expected to ascertain what documents "related to any cellular and/or Wi-Fi standard meetings where the technology claimed in the Asserted Patents or competing proposals were discussed." ETRI notes that the Document Request fails to identify the meetings that are supposedly relevant. ETRI further objects to this Document Request to the extent it seeks information that is publicly available or otherwise available to Defendants. ETRI understands that any documents responsive to this Document Request are publicly available or otherwise available to Defendants. (Ex. a, at 54-55.) |

Movants have further narrowed these requests for the purposes of this motion. Specifically, the three targeted categories that are within the scope of the above requests, are: (1) ETRI's communications with ▮▮▮▮▮▮▮▮▮, and other actual or potential licensees generated during licensing negotiations to the Asserted Patents (Request Nos. 2 & 43); (2) documents and deposition testimony concerning ETRI's relationship with Sol IP and certain of its other assertion agents (Request No. 69 and Topic No. 28); and (3) ETRI's internal documents concerning proposals to the organizations that develop the technical standards at issue (Request No. 78). ETRI has refused

-7-

Case No.                                    MOTION TO COMPEL COMPLIANCE
                                                      WITH SUBPOENAS

1  to produce even these narrow categories of documents. *See* Ex. G (7/1/19 email from J. Bertoldi to
2  M. Rueckheim).

3  **III.    LEGAL STANDARD**

4        Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. Rule 45
5  provides that a party may command a non-party to testify at a deposition and "produce designated
6  documents, electronically stored information, or tangible things in that person's possession, custody,
7  or control" Fed. R. Civ. P.45(a)(1)(A)(iii).

8        Rule 26 allows a party to obtain discovery concerning any non-privileged matter that is
9  relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Information is relevant when it
10  will be admissible at trial or when the evidence is "reasonably calculated to lead to the discovery of
11  admissible evidence." *Id.* The Rule 26 relevancy standard also applies to third-party subpoenas.
12  *Beinin v.Ctr. for Study of Popular Culture*, No. 06-cv-02298 JW (RS), 2007 WL 832962, at *2 (N.D.
13  Cal. Mar. 16, 2007).

14        In the event that a commanded party has failed to comply with a subpoena, the court for the
15  district where compliance is required must enforce this duty and impose an appropriate sanction—
16  which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to
17  comply. Fed. R. Civ. P. 45(d)(1).

18  **IV.    ARGUMENT**

19        **A.    ETRI Should Produce Documents Related to Negotiations with** ▮▮▮▮▮▮
20              ▮▮▮ **and Other Licensees or Potential Licensees**

21        Sol has asserted 27 of ETRI's patents in the Actions. These patents were declared by ETRI
22  as essential to the 4G LTE and Wi-Fi standards. As a result, ETRI is obligated to offer to license its
23  4G LTE essential patents on terms that are fair, reasonable, and non-discriminatory (FRAND) and its
24  Wi-Fi essential patents on terms that are reasonable and non-discriminatory (RAND).

25        ETRI has entered ▮▮▮▮▮▮▮▮▮▮ with ▮▮▮▮▮▮ related to the
26  Asserted Patents. Any request for damages in the Actions must be FRAND when compared to those
27  agreements. *See Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2013 WL 2111217, at *64

28

-8-

Case No.                                            MOTION TO COMPEL COMPLIANCE
                                                               WITH SUBPOENAS

1   (W.D. Wash. Apr. 25, 2013).  Likewise, ETRI has granted ███████████████████

2   ████████████████████████████████████████████████████████████

3   ███████████████████████████████████████   The negotiations of these agreements

4   are central to damages and FRAND issues in the Actions.

5          The requested documents would reflect ETRI's belief about the value of its declared-

6   essential patents and the terms on which those patents should be licensed—issues that will

7   undoubtedly predominate the upcoming trial.  Moreover, to the extent ETRI has made statements

8   concerning the Asserted Patents during licensing negotiations that are inconsistent with positions Sol

9   is taking in the pending litigation, Movants are entitled to use those inconsistencies at trial to

10   challenge the credibility of Sol's witnesses.

11          As a general principle of patent damages law, comparable license agreements are relevant

12   and discoverable.   Indeed, the first and second *Georgia-Pacific* factors provide that relevant

13   evidentiary facts used to determine a reasonable royalty in patent infringement cases include (1)

14   "[t]he royalties received by the patentee for licensing of the patents in suit, proving or tending to

15   provide an established royalty," and (2) "[t]he rates paid by the licensee for the use of other patents

16   comparable to the patents in suit." *Georgia-Pac. Corp. v. U. S. Plywood Corp.*, 318 F. Supp. 1116,

17   1120 (S.D.N.Y. 1970).

18          While ETRI has produced the ██████████████ agreements, it has withheld all

19   documents concerning the negotiations of those agreements.  As this Court observed in *Apple Inc. v.*

20   *Samsung Electronics Co.*, however, "the relevance of license and negotiating documents to

21   unenforceability claims and to the calculation of a reasonable royalty rate is well established."  No.

22   C 11-1846 LHK PSG, 2012 WL 1511901, at *5 (N.D. Cal. 2012) (compelling Samsung to produce

23   "all non-privileged negotiating documents for the patents-in-suit").  Similarly, in *Phoenix Solutions*

24   *Inc. v. Wells Fargo Bank, N.A.*, the Court compelled a patentee to produce all negotiation documents

25   concerning the patents-in-suit because "third-party negotiations could help [the defendant] ascertain

26   the extent of its liability to [the plaintiff] and to formulate an appropriate litigation strategy."  254

27

28

-9-

Case No.                                        MOTION TO COMPEL COMPLIANCE
                                                        WITH SUBPOENAS

1 | F.R.D. 568, 582 (N.D. Cal. 2008) (listing the "multitude of ways" in which correspondence with
2 | third parties related to license negotiations could be relevant and lead to admissible evidence").

3 |      In this case, the negotiations of the agreements are even more relevant to Movants' defenses
4 | than in the typical patent case. ETRI's ████████████████████████ ensure that
5 | ████████████████████████████████████████
6 | ████████████████████████████████████████
7 | ████████████████████████████████████████
8 | ████████████████████████████████████████
9 | ███████████████████████ Ex. N, at 11. But without the negotiation documents,
10 | Movants have no way to test that allegation and determine the full set of facts underlying ETRI's
11 | ████████████████.

12 |      The negotiations with ████ are also highly relevant. For example, the most recent
13 | agreements between ████ and ETRI ████████████████████████
14 | ████████████████████████████████████████
15 | ████████████████████████████████████████.
16 | Hence, the negotiations related to those documents, apart from any relevance to FRAND and
17 | damages issues, are highly relevant to whether Sol even has standing to sue in the first place.

18 |      Finally, ETRI's negotiations with ████ are highly relevant relevant. Movants understand
19 | that ████████████████████████████████████████
20 | ████████████████████████████████████. Such negotiations likely
21 | compare the relative strength of ETRI's patent portfolio (including the Asserted Patents) to the
22 | strength of other members' portfolios, which goes to damages issues in the Actions.

23 |      Best positioned to locate its own negotiation documents, ETRI could easily comply with this
24 | request by (1) identifying the employees involved in licensing negotiations, (2) collecting those
25 | employees' correspondence with negotiation counterparties during the relevant periods, and (3)
26 | identifying the correspondence concerning patent licensing negotiations. Accordingly, ETRI should
27 |
28 |

Case No.                                 MOTION TO COMPEL COMPLIANCE
WITH SUBPOENAS

1    be compelled to provide its negotiation correspondence with its licensees and potential licensees for

2    the Asserted Patents, including specifically with ████████████████████

3        **B.**     **ETRI Should Produce Documents Concerning Its Relationships with Its Other**

4             **Assertion Agents**

5       Before Sol became ETRI's purported exclusive licensee and licensing agent to the Asserted

6    Patents, ETRI enforced at least some of its patents through SPH America LLC and WiAV Solutions,

7    LLC. Between 2008 and 2014, for instance, SPH America asserted at least a dozen of ETRI's

8    declared standard-essential patents in 18 lawsuits against carriers and handset manufacturers,

9    including Apple and Samsung. SPH America's lawsuit against Samsung was resolved in 2014 ████

10    ████████████████████████████████████████████

11    ████████████████████████████████████████████

12    ████████████████████████ Indeed, ████████████████████

13    ████████████████████████████████████████████

14    ████████████████████ In evaluating the ████████████, Movants must

15    understand the relationship that existed between ETRI and SPH America at the time ████████

16    ████ including (1) ████████████████████████████████

17    ████████████████████████████████ (2) ████████████████

18    ████████████████████████ (3) licensing policies communicated from ETRI to SPH America,

19    and (4) representations made by ETRI to SPH America concerning ETRI's patents and FRAND

20    commitments.

21       This evidence informs the damages analysis that will be performed in the Actions. For

22    instance, the degree of comparability of ████████████████████ may turn (in part) on the

23    comparability of ETRI's relationship with Sol and its relationship with SPH America.[4] If, for

24

25    ───────────────────

    [4] In *SPH America, LLC v. Huawei Techs., Co., Ltd.*, the Court dismissed SPH America's patent

26    infringement suit for lack of standing because ETRI, which was not a party to the suit, publicly
described SPH America as its "litigation agent, acting on ETRI's behalf according to ETRI's will, to

27    enforce ETRI's patents in the United States for a portion of any recovery." 13-CV-2323-CAB-KSC,
D.E. 287, at 2-3 (S.D. Cal. Apr. 10, 2017). The requested discovery will allow Movants to compare

28    this relationship to the present relationship between ETRI and Sol IP.

   Case No.                          MOTION TO COMPEL COMPLIANCE
                                               WITH SUBPOENAS

1  example, ETRI exercised more control over SPH America's licensing efforts than it does over Sol's

2  licensing efforts, then the parties' respective bargaining positions at the hypothetical negotiation may

3  be altered.  Likewise, the comparative division of licensing and litigation proceeds between SPH

4  America and ETRI, on the one hand, and Sol and ETRI, on the other hand, further informs the

5  hypothetical negotiation.  Given that this evidence bears on calculating the appropriate measure of

6  damages, ETRI should be compelled to produce documents and deposition testimony concerning its

7  relationship with SPH America, WiAV Solutions, and other similar assertion agents.

8       **C.**     **ETRI Should Produce Documents Concerning Proposals to Standard-Setting**

9                 **Organizations**

10       Sol alleges, and ETRI has publicly declared, that all 27 patents asserted in the Actions are

11  essential to practicing various wireless standards, including 4G LTE and Wi-Fi.  As an active

12  member of the organizations that develop these technical standards, ETRI has made technical

13  proposals to the standard-setting organizations.  While ETRI's public proposals will be collected and

14  produced in the Actions, Movants seek discovery of ETRI's non-privileged *internal* communications

15  concerning its own proposals and competing proposals submitted by other members of the standard

16  setting organizations.  These internal communications offer an unfiltered view into ETRI's

17  understanding of the scope and relative value of the very technology now at issue in the underlying

18  litigation.  ETRI should not be permitted to limit discovery to its carefully curated public-facing

19  proposals, which may be undermined by ETRI's internal admissions.  For example, ETRI's internal

20  documents may reveal that ETRI believed competing technical proposals were equally acceptable.

21  Such evidence bears heavily on the value and validity of ETRI's patents.

22       ETRI does not—and indeed could not—contest the relevance of non-privileged internal

23  correspondence concerning the very technology at issue in the Actions.  Instead, ETRI contends that

24  this request is unduly burdensome.  But ETRI knows which of its employees attended standard

25  setting organization meetings, which of its employees prepared and evaluated technology proposals

26  to those organizations, which of its employees were involved in developing the technology at issue,

27  and which of its employees were the named inventors of the Asserted Patents.  Collecting and

28

Case No.                                                    MOTION TO COMPEL COMPLIANCE
                                                             WITH SUBPOENAS

1   producing documents from these known witnesses should pose no undue burden. Furthermore,

2   Movants do not seek production of internal correspondence concerning *all* of ETRI's proposals.

3   Rather, Movants' tailored request is limited to "technology claimed in the Asserted Patents or

4   competing proposals." Thus, ETRI's document collection efforts could be further targeted to the

5   few sections of the LTE and Wi-Fi standards at issue in this case.

6            **D.    Movants' Requests Are Proportional to the Needs of the Actions**

7            Rather than meaningfully contest the relevance of the documents Movants seek, ETRI

8   objects on the ground that Movants' requests are disproportionate to the needs of the case. But ETRI

9   need look no further than its own assertion agent, Sol, to understand the expansive nature of the

10   underlying litigation. Sol chose to assert nearly 500 claims in three sprawling 27-patent lawsuits.

11   Movants have repeatedly requested that Sol narrow the scope of the case. Sol has thus far refused.

12   Ex. O (5/3/19 letter from B. Rosenthal to M. Tribble) ("We ask again that you reconsider your

13   refusal to narrow claims before invalidity contentions and claim construction."); Ex. P (5/3/19 email

14   from M. Tribble to B. Rosenthal) ("We never agreed to reduce claims as you suggest.").

15           In determining whether the scope of requested discovery exceeds the needs of a case, courts

16   should consider "the importance of the issues at stake in the action, the amount in controversy, the

17   parties' relative access to relevant information, the parties' resources, the importance of the

18   discovery in resolving the issues, and whether the burden or expense of the proposed discovery

19   outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, each factor weighs in favor of

20   compelling ETRI to produce the requested documents.

21           First, the underlying lawsuits are of tremendous importance. The equitable enforcement of

22   standard-essential patents is at the forefront of intellectual property law. The modern digital

23   economy is reliant on uniform communication standards to ensure interoperability. But as Judge

24   Koh recently observed, the abuse of standard-essential patents and its corresponding monopoly

25   power can cause tremendous competitive and consumer harm. *Fed. Trade Comm'n v. Qualcomm*

26   *Inc.*, No. 17-CV-00220-LHK, 2019 WL 2206013, at *110 (N.D. Cal. 2019). The requested

27   documents and testimony are needed to fairly assess the scope, validity, and value of ETRI's patents,

28

-13-

Case No.                                        MOTION TO COMPEL COMPLIANCE
                                                         WITH SUBPOENAS

1 | and to ensure that ETRI is not abusing its position as the holder of patents declared essential to
2 | cellular standards.

3       Second, ETRI is best positioned to provide the requested information.  None of the
4 | documents that Movants seek here are publicly available.  And ETRI's licensing agent, Sol, claims
5 | that it is not in possession, custody, or control of the requested documents.  Moreover, piecemeal
6 | subpoenas to       and SPH America cannot possibly yield the same information
7 | as that requested from ETRI.    already has been subpoenaed and has stated that the U.S.
8 | subsidiary (subject to subpoena power) has no responsive documents.  SPH America is run by
9 | Choongsoo Park, who directs Sol, and thus will certainly provide the same refusals that Sol and
10 | ETRI have here.  It is also not clear whether     will have the requested
11 | documents.   has not yet provided documents in response to its subpoena, but in any event, no
12 | third party subpoena would yield the requested discovery of ETRI's *internal* communications
13 | concerning proposals to the standard-setting organizations.  ETRI accordingly should be compelled
14 | to comply with Movants' subpoenas.

15       Third, ETRI is a large organization that realizes significant revenues from its licensing
16 | efforts.  According to its website, ETRI has over 2,000 employees, has filed over 16,000 patents in
17 | the last five years, and has realized 173.4 billion KRW (approximately $150 million) in patent
18 | royalties.  *See supra* note 1.  Thus the relative cost and burden associated with producing the three
19 | narrow categories of documents and providing a corporate representative for a deposition is minimal,
20 | and could easily be absorbed by an entity of ETRI's stature.

21       Fourth, the scope of Movants' requests is also consonant with the amount in controversy.
22 | While Sol has not served damages expert reports, the costs to ETRI of producing the requested
23 | documents and testimony almost certainly pale in comparison to the damages that Sol will seek in
24 | the Actions.  By way of benchmark,
25 |       .  Notably, ETRI has never
26 | substantiated its objection with estimated costs of compliance.  In view of the potentially significant
27
28

-14-

Case No.                   MOTION TO COMPEL COMPLIANCE
WITH SUBPOENAS

1   damages Sol will seek at trial, this factor weighs in favor of compelling ETRI to comply with the

2   subpoena.

3        Finally, the prospective benefit of the requested evidence outweighs the cost of targeted

4   document collection that ETRI may incur.  As discussed above, each category of requests bears on

5   the core disputes of the underlying litigation: the scope, validity, and value of the 27 ETRI patents at

6   issue.  In the absence of these documents, Movants will be forced to present a case without the

7   benefit of learning what ETRI told its licensees, how ETRI structured its licensing program, and

8   what ETRI's engineers privately conveyed about the claimed technology.  Given the magnitude of

9   the case and the relative importance of these documents, the Court should compel ETRI to comply

10   with the subpoenas.

11        **E.     ETRI Is** ████████████████████████████████

12        Rule 45 typically affords third parties relief from subpoenas that impose an "undue burden or

13   expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  While ETRI is nominally a

14   third-party, ███████████████████████████ in the underlying litigation. █████████████████

15   ████████████████████████████████████████████████████████████████████

16        Courts in this District have recognized that interested third parties—like ETRI—are not

17   afforded the same Rule 45 protection as disinterested third parties.  In considering the burden and

18   costs associated with a third-party subpoena issued to FedEx, Judge Illston observed that "[t]he Rule

19   is aimed at protecting persons who are disinterested, and thus have little to gain from their outlays in

20   compliances cost." *Cornell v. Columbus McKinnon Corp.*, No. 13-cv-02188-SI, 2015 WL 4747260,

21   at *15(N.D. Cal. 2015).  In collecting case law on the issue, the Court concluded that "given FedEx's

22   direct interest in the outcome of the litigation, and its ability to bear some costs, the Court cannot

23   conclude that the expenses it incurred imposed a significant burden warranting Rule 45 protections."

24   *Id.* (internal citations and quotations omitted).  Here, too, ETRI's ████████████████████

25   ███████████████ tempers the protections typically afforded by Rule 45.

26

27

28

Case No.                                          MOTION TO COMPEL COMPLIANCE
                                                              WITH SUBPOENAS

1  **V.    CONCLUSION**

2          For the foregoing reasons, Movants respectfully request that the Court compel ETRI to

3  comply with the subpoenas by producing: (1) ETRI's communications with ▮▮▮▮▮▮▮▮▮▮▮▮

4  and other actual or potential licensees generated during licensing negotiations to the Asserted Patents

5  (Request Nos. 2 & 43); (2) documents and deposition testimony concerning ETRI's relationship with

6  Sol IP and certain of its other assertion agents (Request No. 69 and Topic No. 28); and (3) ETRI's

7  internal documents concerning proposals to the organizations that develop the technical standards at

8  issue (Request No. 78).

9

10  Date: July 16, 2019

11

12                                              /s/ *Theodore Stevenson III*

13                                              Theodore Stevenson III
                                                **MCKOOL SMITH, PC**
14                                              300 Crescent Court, Suite 1500
                                                Dallas, TX 75201
15                                              Telephone: (214) 978-4000
                                                tstevenson@mckoolsmith.com
16
                                                Christine Woodin
17                                              **MCKOOL SMITH, PC**
                                                300 South Grand Ave, Suite 2900
18                                              Los Angeles, CA 90071
                                                Telephone: (213) 694-1200
19                                              cwoodin@mckoolsmith.com

20
                                                Michael R. Reueckheim
21                                              **WINSTON & STRAWN LLP**
                                                275 Middlefield Road, Suite 205
22                                              Menlo Park, CA 94025
                                                Telephone: (650) 858-6500
23                                              mrueckheim@winston.com

24
                                                *Attorneys for Movant Ericsson Inc.*
25

26
                                                /s/ *Benjamin Hershkowitz*
27
                                                Josh Krevitt
28
                                  -16-

Case No.                                    MOTION TO COMPEL COMPLIANCE
                                                    WITH SUBPOENAS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Benjamin Hershkowitz
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
jkrevitt@gibsondunn.com
bhershkowitz@gibsondunn.com

Ryan Iwahashi
1881 Page Mill Road
**GIBSON, DUNN & CRUTCHER LLP**
Palo Alto, CA 94304-1211
Telephone: (650) 849-5367
riwahashi@gibsondunn.com

*Attorneys for Movant AT&T Mobility, LLC*


/s/ *Michael J. Newton*

Michael J. Newton
**ALSTON & BIRD LLP**
1950 University Avenue
East Palo Alto, CA 94303-2282
Telephone: (650) 838-2121
mike.newton@alston.com

*Attorneys for Cellco Partnership d/b/a Verizon
Wireless*


/s/ *David C. Powell*

*David C. Powell*
***MCGUIRE WOODS LLP***
*Two Embarcadero Center, Suite 1300*
*San Francisco, CA 94111-3821*
*Telephone: (415) 844-9944*
*dpowell@mcguirewoods.com*

*Attorney for Spring Solutions, Inc. and Sprint
Spectrum L.P.*

-17-

Case No.

MOTION TO COMPEL COMPLIANCE
WITH SUBPOENAS

## ATTESTATION

I, Theodore Stevenson, am the ECF user whose User ID and password authorized the filing of this document. Under Civil Local Rule 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Date: July 16, 2019

/s/ *Theodore Stevenson III*

Theodore Stevenson III

-1-

Case No.                                                                                      MOTION TO COMPEL COMPLIANCE
                                                                                                         WITH SUBPOENAS